```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
```

*In re Mehrdad Emadzadeh*,                **MEMORANDUM AND ORDER**

                Petitioner.                19-MC-1583 (KAM)

```
-------------------------------x
```
KIYO A. MATSUMOTO, United States District Judge:

        Petitioner Mehrdad Emadzadeh, proceeding *pro se*, moves for an order directing U.S. Citizenship and Immigration Services ("USCIS") to correct his date of birth listed on his naturalization certificate. Petitioner states that his correct date of birth is April 5, 1957, rather than April 4, 1957. (ECF No. 1 at 1; ECF No. 1-1 at 1.) The motion is GRANTED.

        "Until 1991, courts had [e]xclusive jurisdiction to naturalize persons as citizens of the United States pursuant to 8 U.S.C. § 1421(a)." *Jahan v. Houghton*, 2022 WL 50462, at *3 (E.D.N.Y. Jan. 4, 2022) (alteration original; quotations and citation omitted). Courts also had authority to "correct, reopen, alter, modify, or vacate [a] judgment or decree naturalizing such person." *Id.* (alteration original) (quoting *Teng v. U.S. Dist. Dir., USCIS*, 820 F.3d 1106, 1109 (9th Cir. 2016)). Although the Immigration Act of 1990 transferred such authority to the Executive Branch, *see id.*, Petitioner was naturalized before this court in December 1989. (ECF No. 2 at 16.) As a result, the court retains the authority to grant the relief requested by Petitioner. *See,*

*e.g.*, *Collins v. USCIS*, 820 F.3d 1096, 1099 (9th Cir. 2016) (holding that courts retain jurisdiction to correct naturalization certificates issued by the court prior to the enactment of the Immigration Act of 1990); *Lai Dinh v. USCIS*, 2021 WL 516803, at *2 (E.D. Cal. Feb. 11, 2021) ("Petitioner's Petition is properly before this Court because the Eastern District of California originally issued Petitioner's naturalization certificate prior to the enactment of the Immigration Act of 1990."); *Sea v. USCIS*, 2015 WL 5092509, at *2 (D. Minn. Aug. 28, 2015) ("[S]ince [the petitioner's] naturalization certificate was issued prior to October 1991, this court has jurisdiction to amend the certificate."); *Ampadu v. USCIS*, 944 F. Supp. 2d 648, 653 (C.D. Ill. 2013) ("Several courts . . . have concluded that they have jurisdiction to amend naturalization orders issued by the courts before the Immigration Act of 1990 became effective.").

Turning to the merits, most courts "have allowed amendment where the petitioner has presented clear evidence of [his] true date of birth and there are no concerns that petitioner acted fraudulently in representing [his] date of birth in [his] naturalization petition." *Bazouzi v. Johnson*, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015) (collecting cases); *see also, e.g.*, *Thumajaree v. USCIS*, 2014 WL 1309343, at *3 (D. Ore. Mar. 30, 2014); *In re Chehrazi*, 2012 WL 3026537, at *3 (N.D. Cal. July 24, 2012); *Nguyen v. U.S. Dep't of Homeland Sec.*, 2007 WL 2156649, at

2

\*4 (N.D.N.Y. July 25, 2007).  The record includes clear evidence of Petitioner's true date of birth.  Specifically, a certified translation of Petitioner's Iranian birth certificate lists his date of birth as April 5, 1957, rather than April 4, 1957.  (ECF No. 2 at 30; *see id.* at 5.)  Moreover, based on the record, the court has no concerns that Petitioner acted fraudulently in representing his date of birth during the naturalization process.  To the contrary, it appears that the minor inaccuracy on Petitioner's naturalization certificate arose from the process of converting Petitioner's birth date from the Persian calendar to the Gregorian calendar.  (*See* ECF No. 1 at 1.)

Finally, the court notes that Petitioner did not name USCIS as a party to this action.  Courts have granted similar motions, however, even where USCIS was not named and served as an adverse party.  *See, e.g.*, *In re Cheng*, 2009 WL 426125, at \*2 (N.D. Cal. Feb. 20, 2009).  In fact, USCIS's correspondence with Petitioner suggests that the agency did not anticipate being an adverse party in this action.  (ECF No. 1-2 at 2 ("Once you obtain the court order please forward a copy of this to us.  We will then update your Certificate of Naturalization.").)  Nevertheless, the court served a copy of the petition on the United States Attorney's Office and provided the government with an opportunity to respond.  (5/10/22 Minute Order.)  The government's response does

3

not object to granting the relief requested by Petitioner.  (*See* ECF No. 2 at 1-2.)

Accordingly, Petitioner's [1] motion is granted.  USCIS is HEREBY ORDERED to correct Petitioner's naturalization certificate to reflect a birth date of April 5, 1957.  The Clerk of Court is respectfully directed to enter judgment accordingly, serve a copy of this order and the judgment on Petitioner, note service on the docket, and close this case.  The court will serve a copy of this order and the judgment on the United States Attorney's Office and will direct that Office to serve a copy of each on USCIS.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         August 1, 2022

4